**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4198**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DARREN NELSON HARRISON,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:06-cr-00148-RJC-CH-1)

_____

Submitted: September 28, 2012      Decided: October 19, 2012

_____

Before SHEDD and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Henderson Hill, Director, Erin K. Taylor, Ann Hester, Assistant Federal Defenders, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darren Nelson Harrison appeals the district court's judgment revoking his supervised release and sentencing him to ten months in prison followed by eighteen months of supervised release. Harrison's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising the issue of whether Harrison's revocation sentence is plainly unreasonable but concluding that there are no meritorious grounds for appeal. Harrison was notified of his right to file a pro se supplemental brief but has not done so. We affirm.

We review a district court's judgment revoking supervised release and imposing a term of imprisonment for abuse of discretion. United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). We first consider whether the sentence is procedurally or substantively unreasonable. Id. at 438. In this initial inquiry, we take a more deferential posture concerning issues of fact and the exercise of discretion than reasonableness review for Guidelines sentences. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). Only if we find the sentence procedurally or substantively unreasonable must we decide whether it is "plainly" so. Id. at 657.

2

While a district court must consider the Chapter Seven policy statements and the statutory factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e) (2006), the court need not robotically tick through every subsection, and ultimately, the court has broad discretion to revoke the previous sentence and impose a term of imprisonment up to the statutory maximum. Id. at 656-57. Moreover, while a district court must provide a statement of reasons for the sentence, the court need not be as detailed or specific when imposing a revocation sentence as when imposing a post-conviction sentence. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010).

We have reviewed the record and conclude that the district court did not abuse its discretion, and Harrison's sentence is both procedurally and substantively reasonable. Moreover, in accordance with Anders, we have reviewed the entire record and have found no meritorious issues for appeal.

Accordingly, we affirm the district court's judgment. This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>